UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GENE CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1992 HEA |
| ) | |
| ALAN BLAKE, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss, [#10]. Plaintiff has responded to the motion. For the reasons set forth below, Defendant's motion will be granted.

## **Facts and Background**

*Pro se* Plaintiff, William Gene Carter, is an inmate at the Missouri Sexual Offender Treatment Center (MSOTC) in Farmington, Missouri. Plaintiff filed this cause of action against Defendant, Alan Blake, Chief Operating Officer at MSOTC, claiming Defendant and his agents deprived Plaintiff of his constitutional rights in violation of 42 U.S.C. § 1983. Defendant Blake has been sued in his "personal individual capacity."

Plaintiff, in his Complaint, does not enumerate specific Counts against

Defendant. Rather, Plaintiff lists under a section entitled "Statement of Facts" various conditions of his confinement which he argues amount to violations of his constitutional rights, including but not limited to forced work, a small room, no radio or television, deadly force (due to a "triple razor wire fence" on the premises), physical and mental abuse, life threatening drugs, and being subject to punishment rather than treatment. Plaintiff claims Defendant Blake is personally liable for Plaintiff's conditions of confinement.

Plaintiff's prayer for relief seeks the following:

> The relief Plaintiff seeks is that defendant and his agents be prohibited from injuring Plaintiff, be afforded better living conditions on Hoctor Three or any other unit he may be placed on within M.S.O.T.C., be allowed to watch T.V. from 7:00 am to 11:00 pm, to have the use of a radio, wristwatch and <u>not</u> be subject to Dept. of Corrections deadly force, to not be subject to Dept. of Corrections policies and procedures, general damages, special damages for shocking bad treatment ammount [sic]: $100,00, punitive damages $200,000, attorney fees $250,000 and any and all relief to which may be justly entitled relief that Plaintiff may be entitled to [sic].

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant now moves to dismiss Plaintiff's claim against him for failure to state a claim upon which relief can be granted.

## **Standard of Review**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the

complaint. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. *Id; Midwestern Machinery, Inc. v. Northwest Airlines, Inc.*, 167 F.3d 439, 441 (8th Cir.1999). The complaint must be liberally construed in a light most favorable to the plaintiff. *Midwestern Machinery,* 167 F.3d at 441; *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997).

## **Discussion**

Defendant Blake contends he should be dismissed from this cause of action because Plaintiff's allegations against him are insufficient to state a claim upon which relief can be granted. The Court agrees. Plaintiff's claims are barred by the doctrine of respondeat superior and Defendant is entitled to the defense of qualified immunity.

Plaintiff's allegation as to Defendant Blake is based on a theory of respondeat superior, since Plaintiff claims Defendant is responsible for the acts of his "agents."

It is well settled, however, that respondeat superior cannot form the basis for liability under 42 U.S.C. § 1983. *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997). For a plaintiff to succeed on a § 1983 claim, he must demonstrate that the defendant was personally involved in the constitutional deprivation or had actual knowledge of the injury. *Wilson v. Cross,* 845 F.2d 163, 165 (8th Cir. 1988). A general responsibility for supervising the operations of a correctional facility is insufficient to establish the personal involvement required to support liability. *Keeper,* 130 F.3d at 1314. Supervisory liability results from a pattern of occurrences which permit an inference of deliberate indifference or tacit authorization. *Howard v. Adkison,* 887 F2d 134, 138 (8th Cir. 1989). Moreover, prison regulations which place restrictions on inmates are valid under the Constitution if they are "reasonably related to legitimate penological interests." *Cooper v. Schriro,* 189 F.3d 781, 784 (8th Cir. 1999) (citing *Dawson v. Scurr,* 986 F.2d 257, 259-60, 263 (8th Cir.), *cert. denied,* 510 U.S. 884 (1993) (upholding rule limiting prisoner access to sexually explicit materials)).

In this case, Plaintiff complains about his conditions of confinement at MOSOP and that Defendant Blake is somehow responsible for such conditions. Plaintiff's allegations, however, are broad and conclusory. Plaintiff argues that his conditions consist of forced work, a small room, no radio or television, and a "triple razor wire fence" among other claims, but Plaintiff does not establish that Defendant Blake had

the power or authority to change the institution's conditions of confinement. The fact that Plaintiff is unhappy with his lack of access to television, radio, and/or a wristwatch is insufficient to establish a supervisory Defendant's personal involvement in the claimed constitutional deprivation. Absent any showing of authority over the conditions of confinement at MOSOP, Plaintiff cannot establish the personal involvement of Defendant Blake or his tacit authorization of the offensive practice so as to permit liability.

In any event, Plaintiff's claim against Defendant Blake in his individual capacity is barred by qualified immunity. When performing discretionary functions, government officials are generally shielded from civil liability so long "as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Government officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines. *Avalos v. City of Glenwood,* 382 F.3d 792, 798 (8th Cir 2004) (citing *Davis v. Hall,* 375 F.3d 703, 712 (8th Cir. 2004)). As long as there is a "legitimate question" as to whether the official's conduct was lawful, qualified immunity should apply. *Arcoren v. Peters,* 829 F.2d 671, 676 (8th Cir. 1987), *cert denied,* 485 U.S. 987 (1988).

As stated *supra,* Plaintiff complains that Defendant Blake is somehow

responsible for Plaintiff's conditions of confinement. Plaintiff's broad and conclusory allegations that he is subjected to forced work, a small room, no radio or television, and a "triple razor wire fence" among other claims, do not give rise to a violation of clearly established statutory or constitutional rights of which a reasonable person would have known. The restriction of Plaintiff's access to television, radio, and/or a wristwatch is insufficient to establish that Defendant is liable for transgressing some bright line where Plaintiff's conditions of confinement are concerned. This Court finds that a "legitimate question" exists as to whether Defendant Blake's conduct was lawful. Therefore, even if Plaintiff's Complaint stated a claim upon which relief could be granted under Rule 12(b)(6), Defendant would be entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [#10], is granted.

Dated this 6th day of March, 2006.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE